UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

FILED
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
(RESPONDENT)

v.

CASE#: 06-2649

LARON PASCHAL
(PETITIONER)

Petitioner's Motion for Correction of Sentence under Fed.R.Civ.Proc. 60(b) Mistake; Inadvertence; Excuable Neglect; Newly Discovered Evidence; Fraud.

Now comes **Laron Paschal**, acting pro-se in the above action and numbered cause, to be reffered to as "Petitioner", in the following matter:

## Statement Of The Case

On March 1, 2006, a two count Indictment was entered in the United States District Court for the District of Rhode Island, charging Mr. Laron Paschal with violating:

1) 18 U.S.C. § 922 (g) (1) (Count One-Felon in Possession of a Firearm): and

2) 21 U.S.C. § 841 (a) (1) (Count Two- Possession with The Intent to Distribute Heroin).

A Plea Agreement was filed and the Court accepted Appellant's guilty plea at a Change of Plea Hearing held on May 22, 2006.

On October 16, 2006, a Sentencing Hearing was held, after which Mr. Paschal was sentenced to 180 months imprisonment, a five year Supervised Release Term and a $200.00 Special Assesment.

On or about Sept. 16, 2007, the Attorney for the Petitioner filed an Anders Brief. Subsequently the Petitioner filed a Motion for Additional Counsel.

## Summary of Arguement

The Petitioner's arguement is very straight forward. The Petitioner was charged under the A.C.C.A.(Armed Carrer Criminal Act) which provides that:

(1) A person who violates section 922(g) of this title and has three previous convictions...for a violent felony or a serious drug offense, or both, committed on occasions different from one another...shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18U.S.C. § 924(e)(1). As used in the ACCA:(A) the term "serious drug offense" means...an offense under State law, involving manufacturing, distributuing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substance Act(21 U.S.C.802), for which a maximum term of imprisonment of ten years or more is prescribed by law; (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year...

that(i) has as an element the use, attempted threatened use of physical force against the person of another;or(ii) is burgalary, arson, or extortion, involves use of explosives, or othewise involves conduct that presents a serious potential risk of physical injury to another. U.S. v. Madera,2007 WL 708841 (D. Conn.).

Looking to the Petitioner's P.S.I. (Presentence Investigation Report) in the Armed Carrer Criminal Provision section, it states that the Petitioner has three previous convictions for violent felonies or drug offenses. That is untrue. Look to "Exhibit #1", it shows that the Burglary Charge was dropped and the Attempted Burglary was pleaded to. The P.S.I. uses the K2/87-0462A as one of the 3 predicate offenses. The attached exhibit shows the charge was dismissed under a Plea Agreement.

Looking to Shepard v. United States, 544 U.S.____, 161 L.E.d.2d. 205, 125 S.Ct.___(2005).

(2) The sentencing court's inquiry to determine whether a plea of guilty to burglary defined by a nongeneric-that is, more expansive-statue necessarily admitted elements of the generic offense was generally limited to examining (a)the statutory definition of the offense in question,(b)the charging document, (c)a written plea agreement,(d)the transcript of a colloquy between the trial judge and the accused in which the factual basis for the plea was confirmed by the accused, and(e)any explicit factual finding by the trial judge to which the accused assented.

In addition, Souter, J., joined by Stevens, Scalia, and Ginsburg,JJ., expressed the view that the rule of reading statues to avoid serious risks of federal unconstitutionality counseled limiting the scope of judicial factfinding on the disputed generic

character of a prior guilty plea.

Thomas,J., concurring in part and concurring in the judgement, expressed the view(1)the Supreme Court had correctly declined to broaden the scope of the evidence that judges could consider under Taylor v. United States,but(2)permitting ACCA sentencing courts to look beyond charging papers, jury instructions, and plea agreements to an assortment of other documents such as complaint applications and police reports would have given rise to federal costitutional error, not constitutional doubt.

Looking also to Shepard supra;

**Criminal Law § 75.5; Weapons and Firearms §1-sentencing-habitual offenders**

3. The Armed Carrer Criminal Act(ACCA)(18USCS § 924(e)-which provides a sentence enhancement for an accused who is convicted, under 18USCS § 922(g), of unlawful possession of a firearm and has three prior conviction for violent felonies-(1) generally prohibits the sentencing court from delving into particular facts disclosed by the record of a prior conviction, and(2)thus, leaves the court normally to look only to the fact of conviction and the statutory definition of the prior offense. (Souter,J., joined by Stevens, Scalia, Ginsburg, and Thomas,JJ.)

It is clear that the Petitioner is not a Armed Carrer Offender under the statutory definitiion. There is no 3 prior violent felonies. Though looking at United States v. Matthews,240 F.3d 806 (9th Cir,2000). The government shouldn't get a second bite at the apple in attempting to enhance the Petitioner, if it attempts to, do so in its overzealouse attempt to give Petitioner 15 years.

Looking to United States v. Casarez-Bravo,181 F.3d 1074 (9th Cir.1999). Because Casarez-Bravo did not object to being sentenced under the carrer offender provision before the district court, we must subject his claim to a plain error analysis. See Fed. Crim.P.52(b). Plain error is:(1)error,(2)that is plain,(3) and affects substantial rights. See Perez, 116 F.3d at 846. The error in this case is evident from an examination of the record, the statue, and the guidelines. A sentencing error affects substantial rights when it subjects an individual to an increased sentence. See United States v. Velez,168 F.3d 1137, 1140 n.4 (9th Cir. 1999). In this case, the error caused Casarez-Bravo's sentence to be increased four-fold. Thus, he is entitled to relief even under a plain error analysis.

Looking back to the Armed Carrer Criminal Provision section of the P.S.I., the Breaking and Entering case K2/87-0462A was dismissed (Exhibit 1). The Breaking and Entering building/dwelling with felonious intent case K2/87-0462A [redacted], is actually Attempted Breaking and Entering. The Probation Officer falsely mislead the Court into thinking the Petitioner had 2(two) Breaking and Entering offenses and technically the Petitioner has one. The Attempted Breaking in and Entering is a seperate statue. Then following offense, Manufacture/Delivery of Control Substance case P2/88-5153 A,was not a Manufacture at all. It was Possession with Intent to Deliver, and then we have the Possession of a Controlled Substance case P2/01-2450 A. Neither one of these are what was intended as predicate offenses to apply the Armed Carrer Criminal

enhancement. These offenses that were mentioned and misstated prejudiced the Judge in imposing the Armed Carrer Criminal enhancement.

## CONCLUSION

The Petitioner requests the Court to issue an Evidentiary Hearing, to address the false and misleading information the Court was given in determining its decision, concerning the use of prior offenses, to enhance the Petitioner's sentence.

Respectfully,

Laron Paschal, pro-se

# CERTIFICATE OF SERVICE

I **Laron Paschal**, do hereby attest and say that I have sent a true copy of this Motion to the following A.U.S.A..

Donald Lockhart, Esq.
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903

Respectfully,

[signature]
Laron Paschal

Sworn under the pains and penalties of Perjury, 28 U.S.C.§ 1746.

Respectfully,

[signature]
Laron Paschal