**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

CR04-29

| | |
|---|---|
| **United States District Court** | District Rhode Island |
| Name: LaRon Paschal | Docket or Case No.: CR-06-029S |
| Place of Confinement: U.S.P Canaan | Prisoner No.: 05727-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) LaRon Pashal |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the District of Rhode Island

(b) Criminal docket or case number (if you know): CR-06-029S

2. (a) Date of the judgment of conviction (if you know): May 22, 2006

(b) Date of sentencing: October, 16, 2006

3. Length of sentence: 180 months

4. Nature of crime (all counts):

Count 1 Felon in Possession of a firearm

Count 2 Possession w/int to dist. herion

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at either a pretrial hearing, trial or post-trial hearing? Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT

(b) Docket or case number (if you know): 06-2649

(c) Result: conviction affirmed

(d) Date of result (if you know): ________

(e) Citation to the case (if you know): ________

(f) Grounds raised: counsel submitted ANDERS breif. movant supplemented ineffective trial counsel argument, but Court of appeals did not adjudicate due to insufficient record

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): ________

(2) Result: ________

(3) Date of result (if you know): ________

(4) Citation to the case (if you know): ________

(5) Grounds raised: ________

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☒X

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ________

(2) Docket or case number (if you know): ________

(3) Date of filing (if you know): ________

(4) Nature of the proceeding: ________

(5) Grounds raised: ________

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** TRIAL COUNSEL INEFFECTIVE FOR FAILING TO INVESTIGATE PET[S] PREDICATES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED MEMO ARGUMENT I

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __________

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available): __________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __________

**GROUND TWO:** INEFFECTIVE APPEAL COUNSEL FOR FAILING TO INVESTIGATE PETS PREDICATES.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED MEMO ARGUMENT II

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒XX

(2) If you did not raise this issue in your direct appeal, explain why: Appeal counsel could not argue himself ineffective

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

______

Docket or case number (if you know): ______ N/A

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

______

Docket or case number (if you know): ______

Date of the court's decision: ______ N/A

Result (attach a copy of the court's opinion or order, if available): ______

______

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

______

______

______

______

**GROUND THREE:** ______ N/A

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

______

N/A

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): N/A

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

ineffective appeal counsel is raised for the first time.

appeal counsel could not raise claim against himsef.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No XX

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ______

N/A

(b) At arraignment and plea: ______

(c) At trial: ______

(d) At sentencing: ______

N/A

(e) On appeal: ______

(f) In any post-conviction proceeding: ______

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

16. Were you sensented on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No XX

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No XX

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate, Set Aside, or Correct his sentence on the grounds herein.

or any other relief to which movant may be entitled.

____________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on March 18th 2008 (month, date, year).

Executed (signed) on 3/18/08 (date).

LaRon Paschal

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ____________________________

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF RHODE ISLAND

United States of America
Respondent

Case no. CR-06-029S

Civil no. ___________

vs.

Honorable William E. Smith

LaRon Paschal
Petitioner

* * * * * * * * * *

MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 18 U.S.C. §2255

Comes Now, Petitioner LaRon Paschal, respectfully requesting this Honorable Court to grant his motion to vacate, set aside, or correct sentence, pursuant to 18 U.S.C. §2255, based on the legal findings of this memorandum of law in support. Additionally, Mr. Paschal moves this Honorable Court to accept this Motion pursuant to Haines v. Kerner, 404 U.S. 519, 30 L. Ed 2d 652, 92 S.Ct.(1972). Holding that Pro-se litigants are held to less stringent standards than lawyers.

STATEMENT OF THE CASE

On March 1, 2006 a two-count Indictment was entered in the United States District for The District of Rhode Island, charging Mr. Paschal with violating:

1. 18 U.S.C. §922(g)(1) (Count one- Felon in Possession of a firearm); and

2. 21 U.S.C. §841(a)(1) (Count two- Possession with the Intent to Distribute Heroin).

With Petitioner being represented by Mr. Steven Dilibero(Esq.) the District Court accepted Petitioners guilty plea on May 22, 2006.

On October 16, 2006, a Sentencing Hearing was held, after which, Petitioner was sentenced to 180 months imprisonment pursuant to the provisions of 18 U.S.C. §924(e) in the Armed Career Criminal section of the Guidelines. Also stipulated was a five year supervised release term, and a $200.00 Special Assessment Fee. Judgement was entered October 18, 2006.

Subsequently, a Notice of Appeal was entered on November 22, 2006 and on September 7, 2007, counsel for Petitioner (now Mr. Jason M. Sullivan, Esq.) submitted a brief to The United States Court of Appeals For The First Circuit pursuant Anders v. California, 386 U.S. 738 (1967). Petitioner filed a supplement (pro-se) brief with the Court of Appeals arguing that his trial counsel was ineffective for failing to argue that two of the four prior convictions treated as predicates under the A.C.C.A 18 U.S.C. §924(e), did not qualify as such. The Court of Appeals stated that the record was insufficiently developed to allow for review of the claim, allowed appointed counsel to withdraw and affirmed the judgement. Petitioner files this instant Motion in a timely fashion.

## JURISDICTION

The jurisdiction of this Court is found in 28 U.S.C. §2255, which provides:

> " A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentenced was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the Court which imposed the sentence to vacate, set aside, or... If the Court finds that the judgement was rendered without jurisdiction by law or otherwise open to collateral attack, or that there has been such a denial or infringment of the Constitutional rights of the prisoner as to render the judgement vulnerable to collateral attack, the Court shall vacate, set aside, or correct the judgement and shall discharge the prisoner, or resentence him or grant a new trial as may appear appropriate."

28 U.S.C. §2255 (1998).

ARGUMENT AND LAW

I. PETITIONERS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE THE PRIORS USED AS PREDICATES UNDER 18 U.S.C.§924(e).

Ineffective assistance claims involve a binary analysis, the Petitioner must show first that counsels performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. (Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed 2d 674, 104 S.Ct. 2052(1984).) In Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 91 L Ed. 2d. 305 (1986), the Court found ineffective assistance of counsel where counsel failed to conduct any pretrial investigation, and failed to timely file motion to supress illegally seized evidence. In Murray v. Carrier, 477 U.S. 478, 496 (1986) the Court acknowledged that the right to effective assistance may be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial. See also, Strickland, 466 U.S. at 693-96.

In the case at bar, counsels deficiencies left Petitioner subject to enhanced penalties pursuant to 18 U.S.C.§924(e) in the Armed Career Criminal section of the Guidelines while two of the four priors treated as predicates do not qualify as such. It was a crucial error by defense counsel not to investigate the convictions set forth in the Governments Notice of Intent to seek sentencing of defendant as an Armed Career Criminal when a defendant faces such a dramatic sentence enhancement under this statute. "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary." Strickland, at 691. It would be reasonable to investigate the priors in which the Government intends to use as predicate offenses before proceeding to sentencing leaving them unchallenged. Ineffective assistance has nothing to do with what the best lawyers would do, but whether a reasonable lawyer could have acted in the circumstances as defense counsel

acted. No reasonable attorney acting zealously in defending his client would have acted as such. The Seventh Canon of the Model Code of Professional Conduct commands that counsl assist an accused to secure and protect available rights and benefits. The law does not require counsel to provide every conceivable argument available within the law, only that counsel in good faith, vigorously advocate a defendants case.

In order for a defendant to be subject to the 180 month minimum sentence stipulated in the Armed Career Criminals Act that person should have three prior convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another. Upon initial perusal ot the Governments Notice of Intent (Exhibit 1) counsel should have noted that the third listed prior does not qualify as a "serious drug offense". The term "serious drug offense" is defined for the purpose of qualifying predicates under 18 U.S.C. §924(e)(2)(A)(ii) as any offense under state law involving manufacturing, distributing, or possessing with the intent to manufacture or distribute a controlled substance. In the instant case where the third listed prior on which the Government depends is for simple possession of a controlled substance, the Government errs. See United States v. Brandon, 247 f.3d 186(4th Cir. 2001)(Absent an element of intent to distribute or manufacture, prior was not a serious drug offense.) United States v. Allen, 282 f.3d 339(5th Cir. 2002)(same). United States v. Williams, 326 f.3d 535(4th Cir. 2003)(same). Counsels failure to recognize the aforementioned constitutes a deficient performance that falls below professional standards. Petitioner was substantially prejudiced because had this issue been raised, the prior conviction in case no. P2/01-2450A for possession of a controlled substance could not have been used by the Government as a predicate "serious drug offense". Obviously, counsels efforts lacked where this plain error went unnoticed and unchallenged leaving counsel unable to be rendered effective.

Petitioner also asserts that the first listed prior conviction on the Governments Notice of Intent (Exhibit 1A) was used to subject him to enhanced penalties due to counsels failure to investigate. In any case where a defendant faces enhanced penalties for prior convictions be it Armed Career Criminal or any other similiar statute, charging documents, written plea agreements, or plea colloquys from the priors should be checked to make clear that the offense actually constitutes as a qualifying predicate. During what should have been a routine check, under the circumstances, of Petitioners priors listed in the Governments Notice of Intent it would have been noted that the alleged prior Breaking and Entering conviction, case no. K2/87-0462A, was a dismissed charge. See Petitioners Exhibit 2 . Also see Petitioners written plea agreement where the specified count to be dismissed is listed. ( Exhibit 3 ). Due to counsels failure to investigate, the alleged prior went again, unchallenged.

Petitioners prior charge for Breaking and Entering stems from a five (5) count Criminal Information against Petitioner dated August 4, 1987 in which Petitioner was charged with; Attempted Breaking and Entering, Breaking and Entering, Possession of a Stolen Vehicle, Conspiracy, and Attempt to Flee and Elude. The Breaking and Entering count being Count two(2) of this five count Criminal Information. See Exhibit 3. During Petitioners plea negotiations for the above charges, and as a result of those plea negotiations dated October 8, 1987, Count two of the Criminal Information was dismissed. (Exhibits 2 & 3). Therefore, the above conviction case no. K2-87-0462A,(Count two), should not have been used effectively as a predicate offense subjecting Petitioner to enhanced penalties under 18 U.S.C §924(e) when ultimately it was a charge Petitioner was never convicted of.

A reasonable investigation into the Governments Notice of Intent would have privy counsel to the fact that two of the four prior convictions used as qualifying predicates for enhanced penalties should not have been. This specific error by counsel is egregious and prejudicial enough to render his performance deficient. The Court in United States v. Chronic, 466 U.S. 648, 657 n. 20 (1984), acknowledged that, "the type of breakdown in the adversarial process that implicates the Sixth Amendment is not limited to counsels performance as a whole-- specific errors or omissions may be the focus of a claim of ineffective assistance as well." Under the circumstances, there was no objectively reasonable justification for counsel to proceed to sentencing without attempting to challenge the Governments Notice of Information. A complete deprivation of counsel can occur even if the attorney is physically present. For example, whenever counsel fails to subject the prosecutions case to a " meaningful adversarial testing", the process becomes presumptively unreliable. Counsels efforts in protecting Petitioner from enhanced penalties at a critical stage of Petitioners proceedings were little to nonexistent. Futhermore, prejudice may be presumed when counsel fails to subject the prosecutions case to a " meaningful adversarial testing." United States v. Theodore, 345 F.Supp. 2d. 123 (1st Cir. 2004)(citing Powell v. Alabama, 287 US. 45, 77 L. Ed. 158, 53 S.Ct. 55(1932)). Counsels failure worked to Petitioners actual and substantial disadvantage, infecting his sentencing with error of Constitutional dimension. Clearly, the right to challenge the predicates used by the Government was a right worth advocating to secure a constitutionally recognized fair proceeding. Petitioner was given a dramatic sentence enhancement due to counsels deficient performance and any increase in sentence due to ineffective assistance of counsel may satisfy the prejudice portion of the Strickland

test. In evaluating the prejudice suffered by the Petitioner as a result of counsels deficient performance, a Court looks at the cummulative weight of counsel error. Petitioner was substantially prejudiced because had the Notices predicates been investigated his Guideline sentencing range would have been at an advisory 57-71 months ( offense level 18, criminal history category VI ), rather than the mandatory minimum 180 month sentence for an Armed Career Criminal. This prejudice satisfies Brecht v. Abrahamson, 507 U.S. 619, 637, 123 L.ed. 2d 353, 113 S.Ct. 1710 (1993).

Because of the reasons set forth above, Petitioner is satisfied that he has met the standards for ineffective assistance of counsel. Therfore, Petitioner humbly requests that this Honorable Court vacate his sentence and remand him to the District Court for resentencing.

II. APPEAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE PETITIONERS PRIORS USED AS PREDICATES UNDER 18 U.S.C §924(e)

Petitioner avers that his appeal counsel, Mr. Jason Sullivans, performance runs parallel to that of his trial counsel rendering him just as ineffective. No investigation into the Governments Notice of Intent was performed and the prosecutions position pertaining to Petitioners predicate offenses was left uncontested.

On July 15, 2007, Petitioner relayed via United States Postal Service to his attorney concerns pertaining to the alleged qualifying predicate offences listed in the Governments Notice of Intent. (see Exhibit 5) In Petitioners letter it was stated that the predicate offense case no. K2/87-0462A for Breaking and Entering from the Governments Notice was not a charge that was plead to. Petitioners written plea agreement from October 7, 1987 resulting in the dismissal of this Breaking and Entering

charge (Exhibit 3) accompanied the July 15, 2007 letter to counsel. In closing of Petitioners letter is his desire to have this issue raised in his Direct Appeal brief where trial counsel failed to investigate and contest the Governments Notice.

The standards set forth in Strickland pertain to counsel at the pretrial, trial, and appeal phases of a defendants judicial proceedings. Counsel is obligated by the Sixth Amendment to appeal even if the attorney believes that an appeal would not be meritorious. See United States v. Peak, 922 F. 2d 39 (4th Cir. 1993). See also Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)(when ignored issue is clearly stronger than those presented, the presumption of effective assistance is overcome.) Counsel in this instant case failed to present Petitioners ineffective trial counsel claim on appeal even though Petitioner requested that he do so. Petitioner relayed his concerns pertaining to the Governments Notice months before the submission of appeal counsels Anders brief. Surely Petitioners claim is stronger than no issue being raised at all. When counsel ignored this claim, prejudice to the Petitioner ensued and deemed counsel ineffective and his performance deficient. As stated in counsels own Motion to Withdraw to The Court of Appeals for the First Circuit dated September 7, 2007, Petitioners sentencing transcripts and P.S.I were the only documents reviewed after the nonqualifying predicate issue was brought to attention. A competent attorney, under the circumstances, performing normal investigation into charging documents, written plea agreements, or plea colloquys would not have acted as appeal counsel when stating, " Appellant does not appear to have a meritorious issue for appeal.".

Petitioner asserts that counsels failure to raise the requested appeal issue made his performance fall below an objective standard of

reasonableness and affirmatively proved prejudice to the Petitioner.

## HEARING REQUIRED

28 U.S.C §2255 reads in pertinent part as follows:

... If the Court finds that the judgment was rendered without jurisdiction or that the sentence imposed was not authorized by law or otherwise open to collateral attack,... the court shall vacate and set the judgement aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The Petitioner is expected to allege facts, but, he is not required to prove the claim in the 2255 motion.

Accordingly, Petitioner requests a hearing so that this Honorable Court may adjudicate the merit of the arguments in this 2255 motion.

## RELIEF SOUGHT

Petitioner humbly requests that this Honorable Court:

1. Accept his 28 U.S.C §2255 petition on its merits;
2. Vacate, Set Aside, or Correct his sentence on the grounds of Ineffective Ass. of Trial Counsel, or Ineffective Ass. of Appeal Counsel, or both, or ;
3. In the alternative, order a hearing to allow Petitioner to sufficiently challenge the Governments Notice of Intent.

The Petitioner also humbly requests to be present at any and all evidentiary hearings resulting from this petition.

## CONCLUSION

For the reasons set forth in this memorandum the Petitioner respectfully requests that the Court proceed with the legal findings in the interest of the public reputation of this Honorable Court.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION ABOVE IS TRUE AND CORRECT.

Respectfully Submitted,

LaRon Paschal

LaRon Paschal (Pro- Se)
Reg no. 05727-070
U.S.P Caanan P.O. Box 300
Waymart Pa. 18472

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 18 day of March 2008, a copy of this Motion to Vacate, Set Aside, or Correct a sentence Under 28 U.S.C §2255, was mailed, postage prepaid, to:

Donald Lockhart, Esq.
U.S Attorneys Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903

Respectfully Submitted,

LaRon Paschal

LaRon Paschal (Pro-Se)
Reg no. 05727-070
U.S.P Canaan P.O.Box 300
Waymart Pa. 18472