July 15, 2007

Re: Direct Appeal

Dear Mr. Sullivan,

I have recently received documents of a prior state conviction from a case that was used to convict me in federal court under the armed career criminal statute. The state court in Rhode Island made an error on the judgment of conviction which resulted in the probation department using this charge that I did not plead to as a predicate offense towards the armed career criminal statute. This prior conviction of entering the dwelling of a house under Rhode Island state law in violation of statute 11-8-3 was not what I originally pled to in Rhode Island state court on October 8, 1987. The charge that I pled to at that time was attempted breaking and entering under statute 11-8-1. I am sending you a copy of this plea and a copy of the judgment of conviction along with the breaking and entering statutes. Had this error been recognized in the begining stages by my attorney, prosecutor or probation department, this prior conviction of B&E may not have been able to be used. Furthermore, in U.S. v. Peterson, 233 F.3d 100, it has been said that breaking and entering of a dwelling in violation of Rhode Island state law statute 11-8-2 lacks the criminal intent



**EXHIBIT 5**