requirement and places the crime outside the realm of a violent felony. I pled to attempted B&E in violation of statute 11-8-1 which is specified in the charge that is the same as commiting the actual offense. Actual offense being 11-8-2. Therefore, Peterson should apply to statute 11-8-1 as well as 11-8-2. Under federal law burglary is clearly specified as a violent felony. Peterson states:

> "had Congress wished to cast a wider net, it could have easily used the more general term breaking and entering instead of burglary."

As a result, the First Circuit Court of Appeals concluded that B&E does not qualify as burglary because it lacks the element of criminal intent. This issue was not raised in the District Court and I believe my attorney erred in not raising this issue. His failure to object affected the outcome of the proceeding. I would have not qualified as a career offender.

I would like this issue and the issue of ineffective assistance of counsel raised on my direct appeal.

EXHIBIT 5A