IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR.NO.06-029S |
| | ) | |
| LARON PASCHAL | ) | |

GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Comes now the United States of America by and through its undersigned attorneys and objects to petitioner's motion for the reasons stated in the memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 10st day of April, 2008, I electronically filed and mailed a true copy of the Government's Objection To Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence, by ordinary mail and postage prepaid, to:

Laron Paschal
Reg. #05727-070
U.S. Prison Canaan
P. O. Box 300
Waymart, PA 18472

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR.NO.06-029S |
| | ) | |
| LARON PASCHAL | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
ITS OBJECTION TO PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE

## I. **INTRODUCTION**

Petitioner Laron Paschal argues that both his counsel in the district court and his counsel in the court of appeals were constitutionally ineffective. He contends that lower court counsel should have more fully investigated two of the convictions which formed the basis for his sentence as an Armed Career Criminal. Petitioner says that both convictions did not qualify as predicate felonies and that both counsel should have raised that argument. While petitioner is right that one narcotics felony did not qualify as a predicate, he is wrong about the other case, a burglary conviction. He does have the requisite three predicate convictions for ACC status (there being two other predicate felonies he does not contest).

Petitioner also contends that his appellate counsel failed him in not raising an ineffective assistance argument on direct appeal. But the Court of Appeals noted petitioner’s pro se

allegations of ineffective assistance and suggested a 28 U.S.C. § 2255 motion. The motion should be denied.

## II. **TRAVEL OF THE CASE**

On March 1, 2006, a federal grand jury indicted petitioner as a felon in Possession Of A Firearm in violation of 18 U.S.C. § 922(g)(1) and for Possession Of Heroin With Intent To Distribute in violation of 21 U.S.C. § 841(a)(1). On April 12, 2006, the government provided notice to petitioner that it intended to seek an ACC sentence. On May 22, 2006, petitioner pleaded guilty to both counts pursuant to a plea agreement by which the government agreed to recommend the low end of the applicable guideline range or the mandatory minimum sentence, if applicable, whichever was higher. The probation department's presentence report set forth four felonies as legal predicates for its conclusion that petitioner qualified as an Armed Career Criminal under 28 U.S.C. § 924(e)(1). (The relevant pages of the presentence report are attached).

Petitioner's counsel did not contest the accuracy of the report, but argued at sentencing that even if the court found petitioner to be an Armed Career Criminal that the Court had the latitude to sentence petitioner below the guideline range and at the legal minimum. The Court disagreed and sentenced petitioner to fifteen years.

Petitioner was appointed different counsel to make his appeal of the sentence. That lawyer saw no appellate issues and filed an Anders brief. On February 19, 2008, the First Circuit issued a half page opinion affirming the judgment of the lower court but also noting that petitioner could pursue his ineffective assistance arguments through a § 2255 motion. Petitioner filed the instant motion on March 18, 2008 by mailing it to the Court.

III. **STANDARD OF REVIEW**

A petitioner alleging ineffective assistance of counsel must demonstrate that counsel's conduct fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Further, the movant must demonstrate that he was prejudiced as a result of the error. Id. at 687. The petitioner must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Id. at 694.

The court's scrutiny of counsel's performance is highly deferential. Id. at 689. The court reviews the challenged conduct with the"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Moreover, the reasonableness of counsel's performance must be judged in light of the circumstances of the particular case, from the attorney's perspective at the time of the challenged

conduct and without the "distorting effect of hindsight." Id.

## IV. **ARGUMENT**

### a. One Drug Conviction Is Not An ACC Predicate Felony

Petitioner contends that his lawyers should have realized that the state drug conviction set forth in paragraph 54 of the presentence report did not qualify as a "serious drug offense" ACC predicate because it is a simple possession of controlled substance conviction rather than possession of a controlled substance with intent to distribute conviction.

In order to qualify one a "serious drug offense" under the ACC statute, 18 U.S.C. § 924(e)(1), the conviction must be "an offense under State law, involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii).

Petitioner is right. The conviction does not qualify as an ACC predicate. Both petitioner's trial and appellate counsel missed this as did the government's counsel, the probation officer, the District Court, and the appellate panel. But this error is harmless in that there are three other felonies on petitioner's record that do properly qualify as ACC predicates.

### b. Petitioner's Contested Burglary Conviction is Set Forth in a Judgment and Commitment Order

Petitioner contends that the notice of government's intent to seek ACC sentencing lists as an ACC predicate a criminal

charge which petitioner says was dismissed. He argues that his lawyer was constitutionally remiss in failing to investigate this. However, as the attached copy of a certified judgment of conviction shows, defendant does have the burglary conviction on his record for case K2870462A.

A copy of this certified judgment was provided to defense counsel in discovery and he obviously relied upon it. That reliance is within the wide range of professionally competent assistance. This conviction was set forth in paragraph 38 of the presentence report which was reviewed by petitioner with his counsel and which petitioner accepted as accurate. He does not even now argue that the burglary fails to meet the ACC definition of a "violent felony".

Now petitioner has produced documents from the court file of K2870462A which he says shows that the burglary was dismissed. But those documents also show that he pleaded nolo contendere to attempted burglary in the first count of the charging information on case K2/87-0462 (information attached). That count alleged violation of § 11-8-1.1 and § 11-8-3 of the General Laws of Rhode Island (copy of laws attached).

Case law holds that an attempt to commit such a generic burglary falls under the violent felony definition of 18 U.S.C. § 924(e)(2)(B)(ii), specifically "otherwise involves conduct that presents a serious potential risk of physical injury to another."

James v. United States, 127 S.Ct. 1586 (April 2007) and United States v. Payne, 966 F.2d 9 (1st Cir. 1992).

So even if the court were to find that petitioner was not convicted of the completed burglary based on the documents propounded by petitioner, those documents would then show that petitioner did plead nolo to the attempted burglary and thus has the third ACC predicate conviction.

Even if the court were to find that counsel's representation did fall below an objective standard of reasonableness, there is not a reasonable probability that the outcome of the proceeding would have been different. Petitioner therefore does not clear the Strickland hurdles for constitutionally ineffective assistance of counsel.

## V. **CONCLUSION**

For the foregoing reasons petitioner’s motion must be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 10st day of April, 2008, I electronically filed and mailed a true copy of the Government's Objection To Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence, by ordinary mail and postage prepaid, to:

Laron Paschal
Reg. #05727-070
U.S. Prison Canaan
P. O. Box 300
Waymart, PA 18472

/s/ZECHARIAH CHAFEE
ZECHARIAH CHAFEE
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email:zechariah.chafee@usdoj.gov