IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| * * * * * * * * * * * * * | CRIMINAL ACTION |
| USA * | 06-029S |
| * | |
| VS. * | OCTOBER 16, 2006 |
| * | |
| LARON PASCHAL * | PROVIDENCE, RI |
| * * * * * * * * * * * * * | |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH

DISTRICT JUDGE

(SENTENCING)

APPEARANCES:

FOR THE GOVERNMENT: ZECHARIAH CHAFEE, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: STEVEN D. DiLIBERO, ESQ.
DiLIBERO & COLOIAN
130 Dorrance Street
Providence, RI 02903
(401) 621-9700

Court Reporter: Anne M. Clayton, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

THE COURT: Good morning. This is the matter of the United States versus Paschal.

Would counsel identify themselves for the record, please.

MR. CHAFEE: Zechariah Chafee for the Government.

MR. DiLIBERO: Steven DiLibero on behalf of the defendant, your Honor. Good morning.

THE COURT: Good morning. All right. I've received a copy of the presentence report in this matter prepared by the Office of Probation, and I have reviewed that.

Can counsel please confirm that you've had the opportunity to review this report with the defendant.

MR. DiLIBERO: I have, your Honor, Steven DiLibero on behalf of the defendant.

THE COURT: I understand you have an objection to the presentence report, which I'll hear you on in just a moment. But with respect to the balance of the presentence report, are there any issues that are in disagreement or that require the taking of any evidence this morning?

MR. DiLIBERO: No, your Honor.

THE COURT: For the Government?

MR. CHAFEE: No, your Honor.

THE COURT: All right. Then I'll accept the presentence report as it's currently drafted and use it for purposes of sentencing here this morning.

The presentence report sets forth advisory guideline calculations in this case as follows:

The base offense level in this matter is a level 16. The offense level is increased by two levels as a result of the use of a dangerous weapon, or that a dangerous weapon was possessed, in this case a firearm. That yields an adjusted offense level of 18. However, by operation of guideline Section 4B1.4, the armed career criminal section of the guidelines, the sentence is enhanced pursuant to the provisions of 18 U.S.C. 924(e), and in this case the guideline score is increased to 34. There's a three-level reduction for acceptance of responsibility, yielding a total offense level of a 31.

The defendant does have criminal history points sufficient to yield a criminal history category of 6, but, as I mentioned previously, he also qualifies under the armed career criminal provisions.

So in this case, as a result, the guideline range is 188 months to 235 months and a mandatory minimum sentence of 15 years applies as a result of the operation statute.

So that is the sentencing range that is applicable in this case.

Now, Mr. DiLibero, I understand your objection has to do, I guess, with the application of the armed career criminal provisions to this defendant. So I'll hear you now on that. I'm not clear on exactly what your objection is.

MR. DiLIBERO: Good morning, your Honor. Judge, respectfully, the -- I understand what the Court is looking at in 924 Section (e). My argument, and I can't find any supportive case law throughout the United States either way, as to looking at someone's convictions that are older than ten years. These convictions are 20 years old. You know, these crimes were committed when this defendant was a very young adult. I'm asking the Court to consider that. Knowing that these convictions are 20 years old, should he be penalized for those convictions.

If the Court deems that he shouldn't, then he would become a level 15, and then sentence him for what that guideline range would equate to. I believe it's 60 months.

Judge, I looked at all the convictions. I've gone through each of the case files in the Superior Court. All of these -- if I could have a moment. All

of these cases date back to a time in 1987. Mr. Paschal was going through some difficult times back then. He did and served his sentences as it relates to those crimes, and I'd ask the Court only to think of the age of these cases and consider sentencing him not as a career, armed career criminal under the statute, but, basically, just under the crime that he actually committed. Thank you.

THE COURT: You're telling me you're unable to find any support anywhere for this position that you take. I understand the point that you're making, and I'm not completely unsympathetic to it, but I have a hard time understanding how I can read the statute the way you want me to read it. It just doesn't seem to lend itself to the argument that you're making, and the argument that you're making sounds like an argument for a change to the statute, a policy argument.

As I said, I'm not totally unsympathetic to it. You know, I do see an incongruity, an inconsistency in the idea that a conviction is far too old to be considered for purposes of determining the defendant's criminal history, but it, nevertheless, is counted for the much more significant consequence of being considered an armed career criminal.

Now, you know, you could argue the other side of

this and say, well, irrespective of all of that, the sentence that's contemplated, the minimum sentence that's contemplated is a fair sentence. You could have that debate, but we don't get to have that debate because of the way the statute operates.

MR. DiLIBERO: I understand.

THE COURT: You know, if you could show me some support someplace that might change the equation, but you're telling me there's no court that's held the way that you're advocating.

MR. DiLIBERO: None. There has been no time challenges anywhere that I could locate.

THE COURT: All right. Let me hear from the Government then. Thank you.

MR. CHAFEE: I think your Honor has said it all. The statute is the statute, and regardless of how lawyers or judges may feel about it, that's what Congress said, and it's a minimum of 15 years. In this case, the guideline range is -- low end of the guideline range, which we'll be recommending, is the 188 months.

THE COURT: All right. Well, do either of you wish to say anything more with respect to the recommended sentence in this case?

MR. DiLIBERO: Your Honor, briefly. Judge, if