IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

*

LaRon Paschal
Petitioner

*

Criminal Case no: CR-06-029S

Civil Case no: 1:08-cv-104

v.

*

United States of America
Respondent

*

* * * * * * *

PETITIONERS REPLY TO THE GOVERNMENTS OPPOSITION TO A MOTION UNDER U.S.C §2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE.

**NOW COMES, Laron Paschal** (pro-se), hereinafter Petitioner, in reply to the Governments opposition to his motion under U.S.C. §2255 To Vacate, Set Aside, or Correct A Sentence.

This motion is made and based upon the files and records in this matter and states as follows;

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

Because all parties involved are aware of the procedural history of this matter, it would be unnecessary to reiterate those facts verbatim.

## II. LEGAL ARGUMENTS

In this reply to the Governments opposition to Petitioners motion To Vacate, Set Aside, or Correct A Sentence pursuant to U.S.C. §2255, Petitioner will address the Governments positions as they are set forth in the Governments opposition.

A. The Government conceded to Petitioners claim that the prior state conviction for possession of a controlled substance does not qualify as a "serious drug offense" under the Armed Career Criminal statute, 18 U.S.C. §924 (e)(1), and should not have been used for a qualifying predicate. The Government goes on to say that this error made by both Petitioners trial and appellate counsel is harmless in that there are three other felonies that properly qualify as ACC predicates.

It is the Petitioners position that the aforementioned error was not harmless and that had this error been recognized along with the dismissed breaking and entering count presently being used by the Government as a qualifying predicate offense, Petitioner would not have been sentenced as an Armed Career Criminal.

B. The Government relies on a Judgment and Commitment that shows counts two (breaking and entering) and count five being the counts plead to from the charging information in case no. K2/87-0462A (Judgment and Commitment, and Criminal Information attached).[1] Petitoner relies on his written plea agreement and dismissal information from the court file that show count two (breaking and entering) from the charging information being dismissed upon Petitioner accepting his plea. The Judgment and Commitment relied upon contradicts both the Petitioners P.S.I. and written plea agreement from court files. When Petitoners trial and appe-llate counsels relied on this judgment provided in discovery without any investigation into the inconsistancies that exist with the alleged qua-lifying predicate, they both cannot be deemed effective. Under the circ-umstances, where the information being used to enhance a defendants sentence is inconsistant, an investigation into the matter should have

1.The Gov't now attempts to substitute as a qualifying predicate count 1 (attempted B&E) for the dismissed count 2 (B&E). Count 1 is **not** on the Judgment and Commitment and for forthcoming reasons is also infirm.

been performed as reasonable investigation. Counsels failure to contest the use of nonqualifying predicates substantially violated Petitioners rights and points to concrete prejudice. In United States v. Chronic, 466 U.S. 648, 659, n. 25(1983), the Court describes the type of situation from which prejudice is presumed being " when counsel entirely fails to subject the prosecutions case to a meaningful adversarial testing." Petitioners appeal counsel, even after expressed concern from Petitioner pertaining to the predicates being used by the Government, failed to present this matter to the Court of Appeals for review, de novo, whether the aforementioned predicates qualify for ACC purposes. United States v. Pratt, 496 f.3d 124, 130 (1st Cir. 2007).

The Government now intends, if the Court were to find that Petitioner has not been convicted of the breaking and entering charge, to use an attempted breaking and entering (count one from the same charging information. Case no. K2/87-0462A) in its place. The Government catagorizes the charge as a "generic burglary" involving conduct that presents serious potential risk of physical injury to another and falling under the violent felony definition of 18 U.S.C §924 (e)(2)(B)(ii). The charge is actually for "attemted breaking and entering" not a burglary. The General Laws of Rhode Island have seperate and distinct statutes for both. The two should not be used as one and the same. Burglary encompasses breaking and entering offenses **along with** the intent to commit a crime. Petitioners charge for attempted breaking and entering is "nongeneric" where the statute encompasses an array of structures ranging from houses, to libraries, to ships and vessels. Much broader than a building or enclosed space as defined by the Supreme Court in Shepard as "generic". Petitioner plead nolo contendere to the attempted breaking and entering admitting to no stipulated facts. Thus leaving the offense to lack the [illegible]

criminal intent for it to qualify as a "burglary". The Government is obligated **prior** to sentencing to present to the Court the priors to be used as pridicates for ACC purposes. Upon a competent attorneys contest to the use of nonqualifying predicates, a sentencing court should look to transcript of plea collquy, or written plea agreements for facts adopted by a defendent entering a plea. See United States v. Shepard, 544 U.S. 21, 161 L.ed. 2d 205, 125 S.Ct. 1254. The record here suffers from an infirmity that renders the Court unable to hold the predicate as ACC applicable where the Government has failed to produce such documentation. United States v. Brown, LEXIS 28298 (1st Cir. 2007).

Moreover, although both trial and appellate counsel failed to argue the simple possession and the dismissed prior issues, they were never given the opportunity to contest the use of this attempted break and enter predicate. The Governmrent had the burden of production and persuasion and should not get a second bite at the apple. The prosecutor has already been given one full and fair opportunity to offer whatever proof that Petitioner should be sentenced as an Armed Career Criminal. United States v. Potter, 895 F.2d 1231, 1238; United States v. Phillips 149 F.3d 1026, 1033; United States v. Mathews, 240 F.3d 806; 2000 U.S. App. LEXIS 35370. Parties before the District Court are obligated to prepare their cases in a thorough manner. When a prosecutors initial case is deficient, when should successive preparation become vindictive? In the interest of justice, Petitioner should, with the effective assistance of counsel gauranteed him by the Constitution, be able to contest **all** alleged qualifying predicates prior to being sentenced as an Armed Career Criminal.

## CONCLUSION

Wherefore, Petitioner humbly requests that the Court **GRANT** his

motion under 28 U.S.C. §2255 on its merit, and in the interest of the public reputation of this Honorable Court, resentence him with the correct applicable Guideline range being considered.

Respectfully submitted,

LaRon Paschal

LaRon Paschal (pro-se)
Reg. no. 05727-070
U.S.P. Canaan P.O.Box 300
Waymart, Pa. 18472

I HEREBY CERTIFY that on this 28th day of April 2008, a copy of this reply to the Governments opposition to a motion under U.S.C. §2255 To Vacate, Set Aside, or Correct A Sentence was mailed, postage prepaid, to:

Mr. Zechariah Chafee
Assistant U.S. Attorney
U.S. Attorneys Office
50 Kennedy Plaza, 8th FL.
Providence, RI 02903

Respectfully submitted,

LaRon Paschal

LaRon Paschal (pro-se)
Reg no. 05727-070
U.S.P. Canaan P.O.Box 300
Waymart, Pa. 18472