UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA      )
                              )
     v.                       )    CR. No. 06-029 S
                              )
LARON PASCHAL                 )
- - - - - - - - - - - - - - - -
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Pending before the Court is Laron Paschal's Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b) (ECF No. 68). The motion seeks relief from the Court's ruling denying Paschal's motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255. Because Paschal's Rule 60(b) motion constitutes a second or successive motion to vacate under § 2255, the motion will be denied.

I.   BACKGROUND

Paschal pled guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and to possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, this Court determined that Paschal had four predicate convictions that qualified him to be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA), and sentenced Paschal to the statutory mandatory minimum sentence of 15 years.

His conviction and sentence were summarily affirmed. See United States v. Paschal, No. 06-2649 (1st Cir. Feb. 19, 2008).

Paschal then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of both his trial and appellate counsel for failing to challenge two of the four predicate offenses on which his enhanced sentence was based. This Court denied that motion. (See Memorandum and Order, Feb. 9, 2009, ECF No. 62 (2/9/09 Mem. & Order).)

II. DISCUSSION

In his original § 2255 motion Paschal argued that his counsel was ineffective in failing to challenge the use of his prior state court conviction for attempted entering of a dwelling with felonious intent (K2/87-0462A) as a predicate offense for his enhanced sentence in this Court. In the instant Rule 60(b) motion Paschal alleges that his counsel was ineffective in failing to challenge the use of a different prior conviction -- one for entering a building or dwelling with felonious intent (P2/87-1640B) -- as a predicate offense. (Mot. for Relief 2-4, ECF No. 68.) Both claims directly attack the basis of his sentence in this Court. Moreover, the argument as to each conviction is the same -- namely, that each conviction did not constitute a "violent felony" so as to count as a predicate offense under 28 U.S.C. § 924(e)(2)(B) for purposes of his ACCA-enhanced sentence.

The claim raised in the instant Rule 60(b) motion clearly challenges the constitutionality and/or substance of Paschal's sentence rather than any irregularity in the disposition of his previous § 2255 motion. As such, that motion constitutes a second or successive motion to vacate under 28 U.S.C. § 2255(h).[1] See Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003), cert. denied, 540 U.S. 1025 (2003) (a rule 60(b) motion seeking relief from a judgment previously entered in § 2255 case "should be treated as a second or successive habeas petition if . . . the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction" rather than [to] any procedural irregularity in the §2255 proceeding).

Because Paschal has not received permission from the First Circuit Court of Appeals to file a second § 2255 petition, this

---

[1] 28 U.S.C. § 2255(h) provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Court is without jurisdiction to hear the instant motion. <u>Munoz</u>, 331 F.3d at 153.[2]

III. CONCLUSION

For all of the foregoing reasons, Paschal's claims are rejected and his Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b) is hereby DENIED and DISMISSED.[3]

---

[2] This Court notes that even if it could consider the merits of Paschal's claim, it would fail, as his counsel was not ineffective. At the time of Paschal's sentencing in October 2006, the law in this Circuit, as set forth in <u>United States v. Fiore</u>, 983 F.2d 1, 4-5 (1st Cir. 1992) and <u>United States v. Sawyer</u>, 144 F.3d 191, 196 (1st Cir. 1998), was that all non-residential burglaries were <u>per se</u> crimes of violence. <u>United States v. Giggey</u>, 551 F.3d 27 (1st Cir. 2008), which abrogated <u>Fiore</u> and <u>Sawyer</u>, was not decided by the First Circuit until December 22, 2008, at which point Paschal's conviction had been affirmed and was final. Moreover, the court in <u>Giggey</u> expressly noted that its holding was not retroactive. <u>Id.</u> at 36, n.3. Thus, as was the case with Paschal's original § 2255 motion, (<u>see</u> 2/2/09 Mem. & Order at 12-13, n.9), <u>Giggey</u> does not assist his claim here, and his counsel's performance at sentencing was well within "the wide range of reasonable professional assistance," <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984), which is all Paschal could expect.

[3] This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive § 2255 motion. <u>See</u> <u>United States v. Barrett</u>, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (noting that while several circuits <u>require</u> transfer in such situations, the First Circuit has yet to implement such a blanket mandate). Here, the Court finds that dismissal of the instant Rule 60(b) motion is warranted, as its flaws (discussed above) constitute a clear violation of the procedural requirements of AEDPA for postconviction filings. Moreover, as noted above, if construed as a potential second and successive motion, the motion is

<u>RULING ON CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Paschal has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Paschal is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> § 2255 Rule 11(a).

SO ORDERED:

*/s/ William E. Smith*

William E. Smith
United States District Judge
Date: June 13, 2011

---

untimely, having been filed more than one year after the conviction became final.