UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   CR. No. 06-029 S
                                    )
LARON PASCHAL,                      )
                                    )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Pending before the Court is Petitioner Laron Paschal's second Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b). (ECF No. 80.) This motion, like Paschal's first Rule 60(b) motion, seeks relief from the Court's February 2009 Memorandum and Order denying Paschal's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Because Paschal's second Rule 60(b) motion constitutes yet another second or successive motion to vacate under § 2255, the motion is DENIED and his application under § 2255 is DISMISSED.

I.  Background

In May 2006, Paschal pled guilty to possessing a firearm after having been convicted of a felony, in violation of 18

---

[1] This Court determined that Paschal's first Rule 60(b) motion was a second or successive motion to vacate or set aside a conviction under 28 U.S.C. § 2255. As a result, the Court denied that motion. (ECF No. 71.)

U.S.C. § 922(g)(1), and to possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, this Court determined that Paschal had four predicate convictions that qualified him to be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), and sentenced Paschal to the statutory mandatory minimum sentence of 15 years.[2] Two of the predicate convictions related to drug offenses and the other two involved charges related to entering a dwelling with felonious intent. Paschal's conviction and sentence were summarily affirmed. See United States v. Paschal, No. 06-2649 (1st Cir. Feb. 19, 2008).

Thereafter, Paschal filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective and that there were insufficient predicate offenses to justify his sentence under the ACCA. (ECF No. 54.) According to Paschal, his trial counsel failed to investigate the predicate offenses relied upon by the government. Had he done so, Paschal argued, his counsel would have discovered that two of those offenses were not predicate offenses at all under the ACCA. Paschal focused his attack on one of the drug offenses and one of the offenses related to entering a dwelling with felonious intent. This

---

[2] Under the ACCA, the Court was required to determine that Paschal had three previous convictions for "a violent felony or a serious drug offense." See 18 U.S.C. § 924(e)(1).

2

Court denied Paschal's application, holding that Paschal's counsel was sufficient and that three of Paschal's underlying convictions satisfied the predicate offense requirements of the ACCA.[3] (ECF No. 62.)

Now, Paschal advances a modified version of the same argument he previously presented – that his convictions for entering a dwelling with felonious intent cannot serve as a predicate offense following a recent Supreme Court decision.

II. Discussion

Paschal has styled his motion as a Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b). But a Rule 60(b) motion "that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition." Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003). A motion may properly be considered under Rule 60(b) where it focuses on a procedural irregularity in the § 2255 proceeding. Id.

Here, Paschal's motion attacks the constitutionality of his underlying conviction, and thus must be treated as an application under § 2255. Because this constitutes Paschal's

---

[3] While litigating Paschal's first § 2255 motion, the Government conceded that one of the drug offenses was not in fact a predicate offense under the ACCA. Still, under the ACCA, a defendant need only have three predicate offenses to face a mandatory minimum of 15 years in prison. See 18 U.S.C. § 924(e)(1).

3

third motion under § 2255, this Court lacks jurisdiction to address his motion. In pertinent part, § 2255 provides that:

> A second or successive motion must be certified as provided in section 2244[4] by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also United States v. Rivera-Lebron, 410 F. App'x 352, 354 (1st Cir. 2011) (describing the pre-clearance step as the "gate-keeping requirement[] of section 2255."). Paschal may apply for permission from the First Circuit Court of Appeals to bring the instant petition. But where, as here, a petitioner has not first obtained that permission from the Court of Appeals, the district court lacks jurisdiction to hear the second or successive motion. See, e.g. United States v. Cao, CR. No. 05-134-4-ML, 2013 WL 1130958, at *2 (D.R.I. Mar. 18, 2013).

---

[4] In relevant part, 28 U.S.C. § 2244 provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

4

For the foregoing reasons, Paschal's Motion for Relief from Judgment or Order to vacate is DENIED, and his motion to set aside, or correct sentence is DISMISSED, without prejudice subject to re-filing if the First Circuit Court of Appeals gives Paschal permission to do so.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date: May 27, 2014